UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis Trahern Robinson, #338096, | ) C/A No. 3:11-766-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Sumter County Police Department; | ) |
| Prosecuting Officer, James Fitzpatrick; | ) |
| Prosecuting Officer, Angela Barger Boland; | ) |
| Wayne Dubose, Detective, and | ) |
| Trevor Brown, Detective, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed *pro se* by a state prison inmate.[1]  According to publicly available

information on the South Carolina Department of Corrections'(SCDC)  internet website, Plaintiff

is currently confined at Wateree Correctional Institution, serving a seven-year sentence for

trafficking in cocaine. The sentence was entered by the Sumter County General Sessions Court in

November 2009. *See* SCDC Incarcerated Inmate Search ( https://sword.doc.state.sc.us/scdc-public/

(last visited June 24, 2011).

In the Complaint submitted in this case, Plaintiff complains that he was subjected to false

arrest, racketeering, extortion, fraud, conspiracy, kidnapping, hostage taking, and that his federal

constitutional rights under the Fourth, Fifth, and Eighth Amendments were violated by Defendants

in connection with a vehicle stop and search on February 12, 2008.  According to Plaintiff, he was

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

stopped and arrested without a warrant for driving under suspension of license and for not having tags on the vehicle.  Apparently in connection with this stop and arrest, his vehicle was searched and the cocaine which formed the basis for his subsequent conviction and sentence was found.  He claims that Defendants' actions in connection with his arrest, the vehicle search, and the subsequent criminal prosecution and resulting conviction entitle him to an award of over $ 400,000.00 in damages.  He also asks that Defendants be charged with kidnapping and violation of the "RICO statute."  ECF No. 1 (Compl.  5).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A,[2] and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.

---

[2] The initial screening process is required even though Plaintiff has paid the full filing fee in this case.  It is settled that district courts are to employ section 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis*." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002); *see Green v. Young*, 454 F. 3d 405, 407 (4th Cir. 2006).

3d 630, 630 n.1 (4ᵗʰ Cir. 2003). Nevertheless, the requirement of liberal construction does not mean

that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d

387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this

case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915A(b)(1).

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme

Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant

to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other

improprieties in connection with state criminal charges,[3] the Court stated:

> We hold that, in order to recover damages [or other relief][4] for
> allegedly unconstitutional conviction or imprisonment, or for other
> harm whose unlawfulness would render a conviction or sentence
> invalid, . . . a § 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such a
> determination, or called into question by a federal court's issuance of
> a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that has not been
> so invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must

---

[3]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8ᵗʰ Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

[4]*See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought); *Williams v. Hill*, 878 F.Supp. 269, 270-273 (D.D.C. 1995) (*Heck* applicable to civil RICO action filed by federal prisoner against federal prosecutors and other officials.

> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, post-conviction relief (PCR), habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[5]

*Heck* does not apply in the context of certain claims of unconstitutionality in *on-going* criminal cases. *Wallace v. Kato*, 549 U.S. 384 (2007). However, since this case involves an already completed criminal trial and complaints about how it was instituted and conducted, *Wallace* is inapplicable and *Heck* controls. In any event, the limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D.N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

---

[5] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

It is not clear what the current status of any appeals or PCR actions Plaintiff might have pursued or be pursuing in state court with respect to his conviction and sentence. It appears, however, that Plaintiff has not yet been successful in having his 2009 Sumter County conviction set aside as he is still in prison. Plaintiff's allegations of wrongdoing by Defendants, if true, would necessarily invalidate his conviction because these allegations would call into question the validity of the seizure of evidence used against Plaintiff to support the conviction. Thus, under the holding in *Heck*, he cannot sue any of the Defendants at this time based on their involvement in his arrest, prosecution, and/or ultimate conviction. *Wiley v. City of Chicago*, 361 F.3d 994, 997 (7th Cir. 2004). As a result, this case is subject to summary dismissal as to all Defendants without issuance of process.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice. *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

June 28, 2011
Columbia, South Carolina

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).