UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Trahern Robinson, | ) | C/A No. 3:11-766-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Sumter County Police Department; | ) | |
| Prosecuting Officer, James Fitzpatrick; | ) | |
| Prosecuting Officer, Angela Barger Boland; | ) | |
| Wayne Dubose, Detective; and Trevor Brown, | ) | |
| Detective, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Travis Robinson, is an inmate at the Wateree Correctional Institution. He brings this action under 42 U.S.C. § 1983 contending that the defendants have violated his constitutional rights.[1]

The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation and opines that the complaint should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 28, 2011. However, the plaintiff

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

failed to file objections and the deadline within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. Moreover, as plaintiff has not demonstrated that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued, the action must be dismissed for failure to state a claim and his claim for monetary damages under § 1983 is barred by *Heck*.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law and it is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 16, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina                     United States District Judge